## CUNNINGHAM'S LESSEE *v.* HARPER, ET AL.

*Ejectment—possession or common source of title—description in deed—condition—covenant.*

In ejectment the plaintiff must either trace his paper title back to some common source, or show a possession under his deed.

The description in deed of land, is sufficient if it be such that a person can find the land by the description. Fifty-one acres in the northeast part of tract one, &c. conveys fifty-one acres in a square form, in the northeast corner of the tract.

A separate covenant of the same date of a conveyance, that if the work it was intended to aid was commenced or finished in a certain time, to re-convey, or if the land had been sold to pay $7 per acre for it, is not a *condition* of the grant.

Ejectment for fifty-one acres of land in tract 1, Madison.

The plaintiff offered a deed from Caleb Strong for the land claimed, to their ancestor, and proved his death and their heirship; and rested.

*P. Hitchcock*, for the defendant, moved for a non suit, because there was no evidence of a prior possession in Strong; no account of the *prior* title, or of Strong's right to convey.

*Webb* and *Wade*, contra, thought it was not necessary to go back of the deed to show title, and the consent rule admitted the defendant's possession.

By the Court. The practice requires of the plaintiff to trace his own to some common source of title, or show that his grantor has been in possession of the premises. The objection will avail the defendant unless supplied.

The plaintiff then proved the possession of Cuningham the elder, as owner.

The defendant offered a deed under a tax title in which the land is described as fifty-one acres in the northeast part of tract 1, &c.

*Webb*, objected that the description was uncertain and void.

By the Court. If the description is certain enough to enable a person to locate the land, it is sufficient. 2 *O. R.* 333. Fifty-one acres in the northeast part of tract 1, &c. is fifty-one acres in a square form in the northeast corner of the tract. The objection is overruled.

[Bever *v*. Butler and Hull.]

Plaintiff then offered a deed from the president of the Harbor Company, dated 6th May, 1816, conditioned to re-convey, or that the land should revert if the harbor was not commenced in ten years; this was of the same date with the conveyance to the company—though without a subscribing witness.   There was a covenant in the deed that if the company sold more than fifty acres they should pay the grantor $7 per acre.

*Newton*, for the defendant, objected:   That the paper was no conveyance, being only a covenant, and if it affected the title, it could only *do* so in equity.

*Wade*, contra, contended that the writing being of the same date of the deed to the company was to be taken as the condition of the grant.

WRIGHT, J.   This is not a *condition* of the grant; it is a mere stipulation by covenant of the grantee, that if the work, (the harbor) to aid which it was conveyed, was not done, or commenced, in a certain time, to re-convey, or if the land was sold, to pay $7 per acre for it.   The paper is rejected.

Verdict for the defendant.